IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gregory Hayes,

Petitioner,

-vs-

Steven Merlak,

Respondent.

Case No. 4:16 CV 1313

ORDER ADOPTING
<u>REPORT AND RECOMMENDATION</u>

JUDGE JACK ZOUHARY

Petitioner *pro se* Gregory Hayes filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). Hayes, who is in custody at the Federal Correctional Institution in Elkton, Ohio (FCI Elkton), alleges the Bureau of Prisons (BOP) denied him a one-year reduction in his sentence under 18 U.S.C. § 3621(e)(2)(B) by expelling him from the Residential Drug Abuse Treatment Program (RDAP), in violation of his due process rights. Respondent Steven Merlak filed a Motion to Dismiss, or in the alternative, for Summary Judgment (Doc. 5). Hayes opposed (Doc. 6). Magistrate Judge James Knepp recommended this Court grant the Motion for Summary Judgment (Doc. 7), and Hayes objected (Doc. 8). This Court has reviewed *de novo* those portions of the R&R challenged in the Objection. *See* 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213 (6th Cir. 1981).

## DISCUSSION

This Court assures Hayes that it has carefully read his arguments. Hayes does not challenge the R&R's legal analysis of his claims for violations of due process (Doc. 7 at 10–12), equal protection (Doc. 7 at 12–14), and the RDAP Program Statement (Doc. 7 at 14–16), or for review of

the BOP's decision under the Administrate Procedure Act (Doc. 7 at 14). This Court finds the R&R accurately states the facts and law governing those claims as they relate to Hayes' cause of action under Section 2241.

Instead, Hayes' objections fall into two general categories: first, he disputes the R&R's description of the legal standard on summary judgment (Doc. 8 at 3–4); second, he argues the Magistrate Judge failed to consider various disputed and additional facts which he believes require the denial of summary judgment (Doc. 8 at 1, 6–8).

### Legal Standard

Though it may not seem intuitive to a non-lawyer, the R&R correctly summarizes the relevant legal standard. It is well established that summary judgment is appropriate when "there is no genuine dispute as to any *material* fact," such that the moving party is entitled to judgment *as a matter of law*. Federal Civil Rule 56(a) (emphasis added). In deciding a motion for summary judgment, a court views the facts in the light most favorable to the nonmoving party but does not weigh the evidence, assess the credibility of witnesses, or determine the truth of any matter in dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Hayes' objection to the legal standard section of the R&R (Doc. 8 at 3–4) is overruled.

### Disputed and Additional Facts

The rest of the Objection describes various facts that Hayes believes defeat summary judgment. For example, Hayes denies that he made sexually suggestive comments and gestures during a November 2015 community meeting (Doc. 8 at 2; *see also* Doc. 6 at 2, 4). Based on the

briefing, this fact does appear to be disputed (*see* Doc. 5 at 14; Doc. 6 at 2, 4). But ultimately, it is not material to the resolution of Hayes' claims in this Court.

The R&R correctly concludes that Hayes has no legally recognized liberty interest in a discretionary release from prison before the end of his sentence. *Greehnoltz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Neither the statute authorizing the RDAP Program nor the Program Statement created a "settled expectation" of a reduced sentence because the BOP always has the authority to deny early release -- even if an inmate successfully completes the Program. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001); *Orr v. Hawk*, 156 F.3d 651, 652–54 (6th Cir. 1998) ("[T[he BOP could have denied Orr early release for any or no reason . . . ."). Therefore, whether or not the circumstances of the November 2015 incident are disputed, they are not material to the summary judgment decision. This objection is overruled.

Next, Hayes objects that the Magistrate Judge "ignored" certain additional facts -- identified in his brief but not included in the R&R -- related to the September 2014 "pull-up" incident (Doc. 8 at 5–6; *see also* Doc. 6 at 5–6). Hayes does not appear to dispute the facts actually included in the R&R, and the Magistrate Judge did not err in limiting his analysis to the undisputed relevant facts. Regardless, these additional facts are not material to Hayes' claims for the reasons explained above. This objection is overruled.

Hayes also disputes the accuracy of certain other facts referenced in the R&R, including the date on which he was transferred to the RDAP unit at FCI Elkton and whether the RDAP Program required participants to take exams (Doc. 8 at 5–6). Hayes cites no record evidence supporting his

version of the facts, which are irrelevant to the summary judgment motion, anyway. This objection is overruled.

Hayes' remaining objections raise new allegations regarding his February 2015 interactions with the orientation group, a drug treatment specialist, and a unit discipline committee (Doc. 8 at 7–8) and the May 2015 "pull-up" incident (Doc. 8 at 8–9). "Absent compelling reasons," parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2001). This objection therefore is overruled.

**CONCLUSION**

For this case to proceed, Hayes must have a discernable claim arising under federal law. Hayes' main point seems to be that he was entitled to a reduction in his sentence for participating in the RDAP Program and exceeding the minimum hours requirement. However, as the Magistrate Judge noted, the statute only allows that an inmate *may* be considered for a sentence reduction once the inmate has successfully completed the Program. It is not a guarantee, and the decision whether to award a reduced sentence rests with the BOP, which is not required to grant an early release to any eligible prisoner.

Bottom line: Petitioner's removal from the RDAP Program, and the denial of a potential one-year reduction in his sentence, did not violate his rights under any federal statute or the Constitution.

This Court adopts the R&R (Doc. 7) and affirms the dismissal of the Petition.

IT IS SO ORDERED.

                                              s/ *Jack Zouhary*
                                              JACK ZOUHARY
                                              U. S. DISTRICT JUDGE

April 28, 2017